IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| MEGAN P. THOMAS, | : | NO: 1:15-bk-00825-MDF |
| | : | |
| Debtor | : | |
| | | |
| MEGAN P. THOMAS, | : | |
| Plaintiff | : | Adversary No: 1:16-ap-00033-MDF |
| | : | |
| v. | : | |
| | : | |
| LOWELL K. THOMAS II, | : | |
| M&T BANK, WELLS FARGO HOME | : | |
| MORTGAGE, YORK COUNTY TAX | : | |
| CLAIM BUREAU, LOWER | : | |
| WINDSOR TOWNSHIP, EASTERN | : | |
| YORK SCHOOL DISTRICT, | : | |
| MANHEIM TOWNSHIP, SOUTH | : | |
| WESTERN SCHOOL DISTRICT | : | |
| Defendants | : | |

**ORDER PURSUANT TO 11 U.S.C. §§105 AND 363 APPROVING
PRELIMINARY AND PERMANENT INJUNCTION AUTHORIZING
AND APPROVING SALE OF REAL PROPERTY FREE AND CLEAR
OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS
AND THE INTEREST OF LOWELL K. THOMAS, II, AS A CO-OWNER
AND ORDERING LISTING OF REAL PROPERTY**

This matter having come before the Court on the complaint (the "Complaint") of Megan P. Thomas ("Debtor') for the entry of an order authorizing and approving Debtor's auction sale of Property, which the Debtor owns as a tenant by the entireties with Lowell K. Thomas, II, known as and located at 3414 Trone Road and 808 Poff Road, York County, Pennsylvania (collectively the "Property"), free and clear of all liens, claims, encumbrances and other interests of Lowell K. Thomas, II, and granting related relief pursuant to Sections 105, 363(b), (c), (f), (h), (k) and (m) of Title 11 of the United States Code (the "Bankruptcy

Code" or "Code") and Rules 2002, 6004, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and upon Debtor's Motion for Preliminary Injunction.

The Court has considered the Complaint and the Debtor's Motion for Preliminary Injunction (the "Motion") and the matters reflected in the record of the hearing held on the Complaint and the Motion. All capitalized terms used herein not otherwise defined have the meanings ascribed to them in the Complaint and the Motion. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Complaint and the Motion has been provided to all interested parties and upon any entity that asserts a lien or interest in the Real Property by U.S. Mail and by the ECF system, and is due and sufficient in all regards; that no further notice is necessary; that the relief sought in the Complaint and the Motion, as modified in this Order, is in the best interests of the Debtor's bankruptcy estate and the creditors thereof; and that good and sufficient cause exists for such relief.

THE COURT HEREBY FINDS AND CONCLUDES THAT:

    A.    Debtor is a debtor under Chapter 13 of the Code.

    B.    The relief requested in the Complaint and the Motion is sought pursuant to applicable substantive and procedural law, including Code Sections 105, 363(b), (c), (f), (h), (k) and (m).

    C.    This Court has jurisdiction over Debtor, all of Debtor's real property wherever located, and all creditors of Debtor. This Court has jurisdiction to hear and to rule

2

upon the Complaint and the Motion, and the Complaint and the Motion constitute a core proceeding pursuant to 28 U.S.C. §157(b)(2).

D.  Notice and service regarding the Complaint and the Motion and the other relief requested in the Complaint and the Motion has been made in accordance with the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the Middle District of Pennsylvania.

E.  Reasonable opportunity to object to, or be heard regarding, the relief requested in the Complaint and the Motion has been afforded to all interested persons and entities, including but not limited to all creditors and all parties who claim interests in or liens against the Property.

F.  The relief sought in the Complaint and the Motion is in the best interest of this estate, its creditors, and all parties in interest.

G.  Debtor has advanced sound and sufficient business justifications, and it is a reasonable exercise of the Debtor's business judgment to sell or auction the Property (the "Auction").

H.  Unless the relief requested by the Debtor in the Complaint and Motion are granted, the Debtor will suffer immediate and irreparable injury, or other harm, pending upon a determination of the Debtor's Complaint.

I.  The Court finds that a Preliminary and Permanent Injunction should be issued.

J.  The Court finds that no bond is required under Rule 7065, Fed.R.Bnkr.P.

3

K. This Order constitutes a final Order within the meaning of 28 U.S.C. §158(a). Notwithstanding Bankruptcy Rules 6004(h) and to any extent necessary, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

THEREFORE IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. The findings of facts set forth above be, and the same hereby are, ratified and adopted as findings of the Court. To the extent any such findings are deemed to be conclusions of law or are decretal in character, then such conclusions or decrees are hereby confirmed. The Debtor shall list the property at 808 Poff Road, York County, Pennsylvania, for a period of three (3) months.

2. The Debtor shall schedule an auction sale for the property located at 3414 Trone Road, York County, Pennsylvania. In the event that M&T Bank, the first mortgage lien holder on 3414 Trone Road consents to a listing thereof, the Debtor shall list such property for sale with a real estate broker for a period of three (3) months. In the absence of such consent, the auction as to 3414 Trone Road, shall proceed as set forth in this Order and as further set forth in the Motion.

3. Lowell K. Thomas, II, shall sign all documents necessary for listing of the parcels of Property and for the sale of the parcels of Property, which parcels are known as 3414 Trone Road and 808 Poff Road, York County, Pennsylvania. In the event that Lowell K. Thomas, II, fails to sign any of such documents as to the listing or as to a sale, on or

4

before the date of closing for a sale, then the Debtor is authorized to so execute a Deed and other documents necessary to effectuate closing.

4. In the event that M&T Bank does not consent to the listing of 3414 Trone Road with a real estate broker, or in the event that either parcel of Property has been with a real estate broker and fails to sell upon listing with a real estate broker, then the Debtor shall conduct an auction as to such parcel, after the expiration of three (3) months from the date hereof. The auction procedures set forth in the Complaint and Motion are granted and approved. The Auction shall be conducted as set forth in the Complaint, subject to the provisions of this Order. Any and all objections to the Complaint and the Motion are, to the extent not withdrawn, waived, or settled, or by stipulation filed with the Court, or otherwise, and all reservation of rights included therein, or to the extent not otherwise resolved as reflected in this Order, hereby denied and overruled. All parties who did not object, or who withdrew their objections, to the Complaint and the Motion are deemed to have consented pursuant to Code Sections 363(f)(2). Debtor, as Seller, is authorized and empowered to perform the relevant or appropriate conveyances and duties referenced in the Complaint and the Motion, that may be reasonably necessary or desirable to implement the sale. The Debtor shall be permitted to withdraw or cancel the Auction. Any Auction which is held, shall be subject to the conditions of sale set forth in the Complaint and the Motion. The Debtor may sell the Property in advance of an auction sale, subject to payment of the costs and expenses of the sale set forth below.

5

5. The sale is hereby approved pursuant to Sections 105(a), 363(b), 363(c), 363(f), 363(h), 363(k) and 363(m) of the Bankruptcy Code.

6. As set forth in Section 363(h) of the Bankruptcy Code, the sale of the Property shall be free and clear of all liens, claims and encumbrances, including the interest of Lowell K. Thomas, II in such Property, whether as a tenant in common or by tenants by the entirety.

7. Any other provisions of the Bankruptcy Code governing the sale of property, free and clear of liens, claims, encumbrances and other interests, outside the scope of Debtor's ordinary course of business, have been satisfied.

8. Subject to the distributions set forth in this Order, all Liens and Claims shall be transferred and attach, with the same validity, enforceability, priority, force and effect that they now have as against the Property, to the net proceeds obtained for the Property, subject to the rights, claims, defenses and objections of the Debtor and all interested parties with respect to such liens and claims. This Order is deemed to operate as a release of all liens and claims as and when sale of the Property occurs and the deed of conveyance is recorded. If the proposed sale of the Property fails to close for any reason, then such liens and claims shall continue against the Property unaffected by this Order. All holders of recorded liens and claims affecting the Property are hereby directed to prepare, and to record promptly after the closing of sale of the Property, releases of such liens and claims reasonably satisfactory to the Purchaser or its title insurer.

9. Following the successful auction of the Property, the parties will file a motion to confirm the successful purchaser and the results of the Auction or private sale, and, if

necessary, to propose a distribution of any remaining sale proceeds. The sale of either parcel of Property by a real estate broker shall be subject to a further Motion to be filed by the Debtor as to the agreement of sale and buyer thereof.

10. Nothing herein shall work to the prejudice of the rights of Debtor or any party-in-interest to object to any claim(s) filed in this bankruptcy case.

11. Except to the extent that the liens and claims attach to the sale proceeds as provided in this Order, this Order is and shall be effective as a determination that, as the sale of the Property shall occur, all liens and claims existing or that may be raised as to the Property prior to such Closing have been unconditionally released and terminated. A certified copy of this Order may be recorded in such recording Offices in York County, Pennsylvania as is necessary to cancel any liens and claims, whether in the form of an encumbrance of record or otherwise.

12. This Order is binding on all filing agents and officers, all escrow agents, all title agents, all title insurance companies, all administrative agencies, all government departments and units, all Secretaries of State, and all federal, state, or local (or subdivision thereof) officials and all other persons or entities who may be required by operation of law, or by the duties of their office or by contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title or state of title in, to, or as regards the Property (all such persons or entities being "Recording Officers"). All Recording Officers are authorized and specifically directed to strike recorded liens and claims against the Property in conformity herewith.

13. All entities (other than proper tenants) that presently are, or on the Closing date may be, in possession of some or all of the Property are hereby directed to surrender possession thereof to the Purchaser on each aforesaid closing date.

14. The costs and expenses associated with the sale of the Property at Closing are to be paid as follows:

    a. Any notarization or incidental filing charges required to be paid by Debtor as seller.

    b. All other costs and charges apportioned to Debtor, as seller, under the documents contemplated thereby.

    c. All costs associated with the preparation of the conveyance instruments and normal services with respect to Closing, including payment of $15,000.00 for legal fees and expenses owed to Cunningham, Chernicoff & Warshawsky, P.C., or to be owed to Cunningham, Chernicoff & Warshawsky, P.C., in connection with negotiation, memorialization, and implementation of the Auction Sale, presentation and pursuit of this Complaint, consummation of the sale, and otherwise in connection with this case. All fees and expenses payable to Cunningham, Chernicoff & Warshawsky, P.C. shall be subject to such approval as the Bankruptcy Court may require. If any fees and/or expenses have not been approved by the Bankruptcy Court at the time of Closing, then an estimated sum shall be escrowed at Closing pending application to the Bankruptcy Court for approval of such fees. Upon approval of any fees and expenses by the Bankruptcy Court, funds in such amount may be distributed from escrow.

    d. All past due real estate taxes and municipal claims shall be paid.

    e. All current real estate taxes and municipal claims shall be pro rated to the date of sale.

    f. One percent (1%) of applicable transfer tax.

    g. In the event of an auction, there shall be a buyer's commission of three percent (3%) per parcel of Property, payable to the Auctioneer. In addition, the Auctioneer shall be allowed reasonable advertising expenses up to a maximum of $3,500.00, per parcel of Property. In the event of a sale through

a broker, commissions shall be paid as further set forth in a Motion to Approve Sale.

15. In the event that both parcels of Property, Trone Road and Poff Road, are sold at auction, then costs set forth above capable of being apportioned shall be pro rated between the proceeds realized from the sale of each such Property based upon a ratio of the sale consideration realized for each such Property.  If only one Property is sold, then only those costs applicable to such sale shall be apportioned to such parcel of Property based upon a estimate by the Debtor as to ration as to items capable of being proportioned.  Any sale through a broker shall require payment of costs as set forth in a Motion to Approve Sale.

16. Subsequent to the payment of the costs of sale set forth above, the proceeds from the sale of Trone Road shall be paid to M&T Bank on account of the loan secured by its mortgage lien on Trone Road.  Nothing contained herein shall approve the sale of the Trone Road Property unless M&T Bank is paid in full on account of the loan secured by its first priority mortgage lien on Trone Road.

17. Subsequent to the payment of the costs set forth above, the proceeds from the sale of Poff Road, Wells Fargo shall be paid up to the full amount owed as its obligation as secured on Poff Road. Nothing contained herein shall approve the sale of the Poff Road Property unless Wells Fargo is paid in full on account of the loan secured by its first priority mortgage lien on Poff Road.

18. Any net proceeds after payment of the mortgage lien held by M&T Bank as secured on Trone Road, and to Wells Fargo as to Poff Road, proceeds shall be paid to M&T Bank on account of its judgment lien to the extent that any sum is owed to M&T Bank as

9

secured by such judgment lien. The net proceeds shall be utilized only to cause M&T Bank to be paid in full as to the sum as secured by such judgment lien.

19. In the event that M&T Bank is the successful bidder as to either Trone Road or Poff Road, then M&T Bank shall be responsible for the payment of the commission fee and expenses of the Auctioneer as well as payment of all other costs of the Auction Sale set forth above.

20. In the event that Wells Fargo is the successful bidder as to Poff Road, then Wells Fargo Home Mortgage shall be responsible for the payment of the Auctioneer's commission and expenses, as well as payment of all other costs of the auction Sale set forth above.

21. In the event of any third party purchasers, the costs and expenses are to be paid with distribution as set forth above.

22. In addition to the terms and conditions set forth in the Complaint and the Motion, the following terms and conditions shall be imposed upon the sale:

23. After payment of all liens which attach to each parcel of Property and the costs of sale set forth above, the balance of the funds shall be utilized for payment of administrative creditors of the Debtor and for payments under the Debtor's Chapter 13 Plan. Such payments shall be made to the Chapter 13 Trustee as is necessary. Included in the payment of administrative claims, are any income taxes, up to $60,000.00, which result from the sale of the Property, as well as from the sale of the Property at 25 Industrial Drive, Hanover, York County, Pennsylvania, which occurred during the administration of the Debtor's Chapter 13 case. Such income taxes shall be paid prior to payment of any

Case 1:16-ap-00033-HWV    Doc 13    Filed 04/12/16    Entered 04/12/16 13:28:34    Desc
Main Document      Page 10 of 12

unsecured creditors and payment to the Trustee for distribution to such creditors under the Plan.

      a.    The Debtor reserves the right to reject any and all offers for the purchase of the Property.

      b.    The Property is to be sold "AS IS" and "WITH ALL FAULTS." ALL WARRANTIES ARE DISCLAIMED.

      c.    Each of Trone Road and Poff Road will be sold separately and the proceeds thereof will be utilized only to pay liens as to each such property.

      d.    In the event there is a dispute as to the disposition of any sale proceeds net of the aforesaid costs of sale identified above, or as to the costs proposed to be paid herein, then the sale shall proceed, and following approval of any sale purchaser by the Court, any disputed proceeds shall be deposited in escrow by the Debtors' bankruptcy counsel, Cunningham, Chernicoff & Warshawsky, P.C., pending further Order of this Court.

      e.    The Debtor shall file a motion to approve any successful auction purchaser of the Property subsequent to the auction sale.

24.    This Court shall retain jurisdiction (a) to enforce and implement the terms and provisions of the Auction Sale and each of the agreements, instruments, and documents executed in connection therewith; (b) to enforce this Order and to bar the enforcement of any liens and claims or other liabilities, except as otherwise assumed, against Purchaser or the Property; (c) to compel delivery of the Property to any purchaser; (d) to resolve any disputes arising under or related to the Auction Sale; and (e) to interpret, implement, and enforce the provisions of this Order.

25.    The terms and provisions of this Order shall be binding in all respects upon, and shall inure to the benefit of, Debtor, this bankruptcy estate, her creditors, and any purchaser, and their respective heirs, representatives, administrators, successors, and assigns,

and any affected third parties, including but not limited to any person that asserts or may assert any liens and claims against, or in, this bankruptcy estate or the Property and any bankruptcy trustee of Debtor who hereafter may be appointed.

26. No person or entity, with notice of this Order, shall take any action to prevent, interfere with or otherwise enjoin consummation of the transactions contemplated in or by this Order, and no such person or entity shall interfere with Purchaser's exclusive right to the Property.

27. This Order shall be effective and enforceable immediately upon its entry, and the stay imposed by Bankruptcy Rules 6004(n) are hereby waived and declared inapplicable.

By the Court,

_Mary D. France_
Chief Bankruptcy Judge
(JK)

Dated: April 12, 2016